# IN THE COURT OF APPEALS OF IOWA

No. 17-0644
Filed June 7, 2017

IN THE INTEREST OF T.S.,
Minor Child,

S.S., Mother,
     Appellant.
_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Jessica L. Wiebrand, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, guardian ad litem for minor child.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, T.S., born 2013. The district court found clear and convincing evidence supported termination under Iowa Code section 232.116(1)(g) and (h) (2017), termination was in the child's best interests, and there were no impediments to termination. On our de novo review, we agree and affirm.[1] *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

I.      **Grounds for Termination.**

The mother claims the State failed to prove the statutory grounds for termination by clear and convincing evidence.

The mother has a long history with the Iowa Department of Human Services (DHS) and with the district court, as her parental rights to her two older children were terminated in early 2013. T.S. was born with cocaine in her system, and the DHS removed her from the home and placed her in family foster care shortly after her birth. Following some success with complying with offered services, T.S. was returned to the mother's care in March 2015. Just one year later, DHS workers went to the home and found it in deplorable condition— infested with roaches and marked by visible piles of dog feces. The mother admitted she needed to wake up several times at night to wipe roaches off another child's face.[2] The mother suffers from an unspecified anxiety disorder and has not cooperated with mental-health services or recommended medication management. In addition, she continues to associate with various men who have been described as "unsafe" to be around the child. While the mother claims to

---

[1] The father's parental rights were also terminated; he does not appeal.
[2] Another child, born in late 2015, was also the subject of a termination, but the matter was continued as that child's father was being considered for placement.

be free of illegal drugs, the report submitted at the termination hearing reveals more than twenty-five "no shows" to drug testing from mid-March 2015 until mid-October 2016.

The district court found the mother "has had an endless amount of services, support, and help to maintain the suitability of her home," but as the DHS worker testified, the mother simply "goes through the motions" and does not make any progress in understanding how to safely care for her child. In finding the State had proved the grounds for termination under Iowa Code section 232.116(1)(g)[3] and (h)[4] the court stated:

> [The mother] chooses to not take care of problems and issues without the direct help of service providers and only after conditions get to the point where it is unsafe for the children. After the most recent two and one-half years of services, [the mother] continues to struggle with the condition of the home and having unsafe men around her children and lying about it.

---

[3] Paragraph (g) provides termination is warranted if:
The court finds that all of the following have occurred:
    (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.
    (3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.
    (4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

[4] Paragraph (h) provides termination is warranted if:
The court finds that all of the following have occurred:
    (1) The child is three years of age or younger.
    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
    (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The record fully supports the district court's findings, and we affirm.

## II. **Best Interests.**

The mother next asserts termination is not in T.S.'s best interests because she shares a close bond with the child that precludes termination. *See* Iowa Code § 232.116(2), (3).

The district court found the mother has not been able to "modify her thinking and accept and internalize the services provided in an attempt to assist her in demonstrating that she can and will consistently provide a safe and healthy environment for her child." We consider the statutory requirements of assessing the child's best interests by looking "to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The record here shows this young child was removed twice from the mother's care, leaving emotional scars noted after such turmoil. Moreover, any bond that the mother claims to have with this child is overshadowed by the child's need for permanency and stability. *See* Iowa Code § 232.116(3). We affirm.

## III. **Conclusion.**

Because we conclude the State proved the statutory grounds for termination and termination was in the child's best interests, we affirm the termination of the mother's parental rights to her child.

**AFFIRMED.**